**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | |
|---|---|
| PAUL FOX, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    CAUSE NO. |
| | ) |
| SWEETWATER SOUND, INC., | ) |
| | ) |
|     Defendant. | ) |

## COMPLAINT

Plaintiff, by counsel, alleges against the Defendant as follows:

1. The Plaintiff is Paul Fox, a qualified employee who suffered from a disability/ perceived disability/record of impairment at all material times to this Complaint.

2. The Defendant is Sweetwater Sound, Inc., d/b/a Sweetwater Sound, a company doing business at 5501 U.S. 30, Fort Wayne, Indiana 46818.  Defendant's registered agent is Bruce O. Boxberger whose mailing address is 301 W. Jefferson Boulevard, Suite 200, Fort Wayne, Indiana 46802.  At all material times to this Complaint, the Defendant was an "employer" for the purposes of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("ADA").

3. Plaintiff filed a Charge of Discrimination on October 15, 2020, EEOC No. 24D-2021-00020/EC-0010-A21, a copy of which is attached hereto, made a part hereof, and incorporated herein as Exhibit "A".  The EEOC issued a Dismissal and Notice of Rights/Notice of Suit Rights on January 22, 2021, a copy of which is attached hereto as Exhibit "B".  All administrative remedies have been exhausted and all

1

jurisdictional prerequisites have been met for the filing of this lawsuit. An additional Charge of Discrimination will also be filed to further address Plaintiff's claim of retaliation; it is anticipated that once this is done, and a Notice of Right to Sue is issued, the Complaint will be amended to add a copy of the new Charge and Notice of Right to Sue.

4. Plaintiff began working for Defendant on or about September 24, 2018, and was wrongfully terminated on September 4, 2020. Plaintiff was hired into the position of Retail Sales Engineer. He held the position of Retail Service Engineer at the time of his wrongful termination.

5. Throughout Plaintiff's employment by Defendant, he suffered from multiple serious health conditions and a serious mental health condition, each of which by themselves or in combination, constituted a disability, perceived disability, and record of impairment for the purposes of the ADA. Within approximately one month of Plaintiff's hire, Defendant learned that Plaintiff suffered from narcolepsy, and a diagnosed psychiatric condition. Later, Defendant also learned that Plaintiff had been diagnosed HIV positive. Nevertheless, Plaintiff was able to perform the primary functions of his job with reasonable accommodations.

6. During his employment Plaintiff requested the accommodation of having his work hours limited to fourteen per week, which was a reduction from the full-time work he initially performed. This accommodation was granted.

7. In 2020, employees across the country who had to work on site, as opposed to from home, had to deal with the realities of the danger of exposure to and infection from

the COVID-19 virus. Plaintiff, who did not work from home, requested the reasonable accommodation of being permitted to utilize a respirator while at work. Plaintiff also requested reasonable time off work to address his disabilities. Both of those requests were denied.

8. On or about September 4, 2020, Plaintiff was terminated. Initially he was given no reason. A week later, Plaintiff learned that Defendant claimed that he "quit", although this was false, because Plaintiff did not resign or quit his job.

9. Plaintiff contends that the proffered reason for his termination (that he allegedly quit) was false and pretextual, and that in reality, Defendant discriminated against him, failed to grant him reasonable accommodations for his disabilities, failed to engage in the interactive process, and retaliated against him on the basis of his disability/ perceived disability/record of impairment, in violation of Plaintiff's federally protected rights under the ADA.

10. Defendant's unlawful discrimination and retaliatory conduct was the direct and proximate cause of Plaintiff suffering the loss of his job and job-related benefits including income, and also subjected Plaintiff to inconvenience, mental anguish, emotional distress, and other damages and injuries.

11. Defendant's unlawful discriminatory and retaliatory conduct was intentional, knowing, willful, wanton, and in reckless disregard of Plaintiff's federally protected rights under the ADA justifying an imposition of punitive damages.

WHEREFORE, Plaintiff respectfully requests judgment against the Defendant for compensatory damages, punitive damages, reasonable attorney's fees and costs, and for all

other just and proper relief in the premises.

## **JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

Respectfully submitted,

**CHRISTOPHER C. MYERS & ASSOCIATES**

/s/ Christopher C. Myers
Christopher C. Myers, #10043-02
809 South Calhoun Street, Suite 400
Fort Wayne, IN 46802
Telephone:   (260) 424-0600
Facsimile:    (260) 424-0712
Email: cmyers@myers-law.com
*Attorney for Plaintiff*

4